UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Felix Guzman Rivadeneira,                  Case No. 1:15-cv-1185

        Petitioner

        v.                                           OPINION AND ORDER

Department of Homeland Security, et al.,

        Respondents

On June 12, 2015, petitioner *pro se* Felix Guzman Rivadeneira., an inmate at the McHenry County Jail in Woodstock, Illinois, filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. As grounds for the petition, he alleges in general terms that detainees held by the Department of Homeland Security are subjected to adverse conditions of confinement. In particular, he contends detainees are: not provided adequate medical treatment; subjected to excessive use of force; confined in overcrowded conditions; placed in segregation based on a punitive disciplinary procedure; subjected to physical, sexual and verbal abuse; and not provided adequate means to bring grievances.

While the claims raised by petitioner are serious, habeas corpus is not the appropriate vehicle to challenge conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Luedtke v. Berkebile*, 704. F.3d 465 (6th Cir. 2013). To seek relief concerning those conditions, he must file a civil rights action.[1]

Accordingly, and this action is dismissed pursuant to 28 U.S.C. § 2243. I certify, pursuant to

---

[1] To bring a civil rights action, petitioner would have to file a complaint in a new case and either pay the $400 filing fee or file a prisoner account statement with sufficient financial information for the court to assess and collect the fee. 28 U.S.C. § 1915(b)(1).

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

s/Jeffrey J. Helmick
United States District Judge
